UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRICK HALL, | No. 2:16-cv-2506 CKD P |
| Plaintiff, | |
| v. | ORDER & |
| MATOLON, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

I. Introduction

    Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff requests leave to proceed in forma pauperis and has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

II. Screening Standard

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.
8     In order to avoid dismissal for failure to state a claim a complaint must contain more than
9 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
10 of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
11 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
13 upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
14 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
15 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.
16 at 678.  When considering whether a complaint states a claim upon which relief can be granted,
17 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
18 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
19 U.S. 232, 236 (1974).
20 III.  Discussion
21     This action proceeds on the complaint filed October 20, 2016.  (ECF No. 1.)  Plaintiff
22 names two defendants employed by California Correctional Health Care Services (CCHCS).  He
23 attaches a CCHCS document stating that, on February 25, 2016, a laptop computer containing
24 inmates' medical and custodial information was stolen.  (ECF No. 1-1 at 11.)  Prison officials
25 determined that, while a breach of the data "was possible, it was unlikely."  (Id.)  They concluded
26 that, "'[a]fter a thorough review, CDCR has determined that there is no evidence or indication
27 that private or personal information was actually compromised."  (Id.)  Plaintiff asserts that this
28 incident has put him at risk of having his personal information misused, and that prison officials

responsible for the incident have violated plaintiff's federal constitutional rights.

First, plaintiff is required to establish standing for each claim he asserts. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). If a plaintiff has no standing, the court has no subject matter jurisdiction. Nat'l Wildlife Fed'n v. Adams, 629 F.2d 587, 593 n. 11 (9th Cir. 1980) ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction."). There are three requirements that must be met for a plaintiff to have standing: (1) the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is both concrete and particularized and actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Wash. Legal Found. v. Legal Found. of Wash., 271 F.3d 835, 847 (9th Cir. 2001) (en banc). Here, plaintiff has not shown he has standing to sue because the complaint demonstrates only that the theft of the state's laptop has the potential to injure plaintiff. Plaintiff alleges no actual misuse of his personal information stemming from the theft.

Second, the complaint fails to state a claim for violation of the Fourth Amendment, which governs the reasonableness of government searches and seizures. Here, no government search or seizure is alleged. Nor does the complaint state a claim under the Due Process Clause, which protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). "It is well established that negligent conduct is ordinarily not enough to state a claim alleging a denial of liberty or property under the Fourteenth Amendment. See Doe v. Beard, 2014 WL 3507196, *6 (C.D. Cal. July 14, 2014), citing Daniels v. Williams, 474 U.S. 327, 330 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986) ("[T]he Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property. In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.").

Plaintiff also fails to allege that he was intentionally treated differently from similarly situated inmates. See Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) ("To

1  state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the
2  defendants acted with an intent or purpose to discriminate against the plaintiff based upon
3  membership in a protected class.")

4  For these reasons, the complaint fails to state a cognizable claim under § 1983.

5  IV.  <u>No Leave to Amend</u>

6  If the court finds that a complaint should be dismissed for failure to state a claim, the court
7  has discretion to dismiss with or without leave to amend.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-
8  30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the
9  defects in the complaint could be corrected, especially if a plaintiff is pro se.  <u>Id.</u> at 1130-31; <u>see</u>
10 <u>also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given
11 leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely
12 clear that the deficiencies of the complaint could not be cured by amendment.") (citing <u>Noll v.</u>
13 <u>Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear
14 that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.
15 <u>Cato</u>, 70 F.3d at 1005-06.

16 The undersigned finds that, as set forth above, plaintiff lacks standing and his allegations
17 show only speculative injury.  Because the complaint does not state a cognizable federal claim,
18 the court lacks supplemental jurisdiction over any state law claims.  As it appears amendment
19 would be futile, the undersigned will recommend that this action be dismissed without leave to
20 amend.

21 In accordance with the above, IT IS HEREBY ORDERED that:

22 1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted; and

23 2. The Clerk of Court is directed to assign a district judge to this action.

24 IT IS HEREBY RECOMMENDED that the complaint be dismissed without prejudice and
25 this case closed.

26 These findings and recommendations are submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
28 after being served with these findings and recommendations, plaintiff may file written objections

1 with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings
2 and Recommendations." Plaintiff is advised that failure to file objections within the specified
3 time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153
4 (9th Cir. 1991).

Dated: November 17, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / hall2506.14.new